UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| MICHAEL SULLIVAN, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 17-11438-DJC |
| D.M. HART, et al., | ) ) ) | |
| Defendants. | ) ) | |

## MEMORANDUM AND ORDER

**CASPER, J.** August 7, 2017

*Pro se* litigant Michael Sullivan ("Sullivan") has filed a civil complaint, D. 1, in which he alleges that Waltham police officers failed to investigate his reports of criminal activity. For the reasons set forth below, the Court will order that this case be DISMISSED.

**I.    Background**

Although Sullivan alleges numerous misdeeds by several government officials and agencies, the crux of his complaint and basis for seeking relief is as follows. According to his complaint, on August 8, 2014, Sullivan filed a complaint with Waltham Police Officer DM Hart ("Officer Hart"), alleging that the United States was subjecting him to unlawful surveillance. More specifically, Sullivan claims that he asked Officer Hart for the Waltham Police Department "to investigate the United States Air Force hovering a jet over [his] house in Waltham for 3-5 minutes on two different occasions at 3:00 am [in the] morning." Compl. ¶ 5. Sullivan also reported to Officer Hart that "the FBI contacted everybody [he] ever knew to tell them what to say to [him]" and conducted constant physiological war on him. Id. ¶ 8.

Sullivan alleges that, instead of investigating his complaint, Officer Hart wrote a police report in which she describes the plaintiff's mental state, characterizing him as being in a "fragile state" and demonstrating "significantly paranoid behavior." Id. ¶ 10. Sullivan takes issue with Officer Hart's evaluation of his mental health, and worries that the report "could be used against [him] if [he has] another encounter with local police and then the FBI can force them to write another complaint implying that [he is] mentally imbalance to have [him] institutionalized." Id. ¶ 11. The report was purportedly reviewed by Officer A. Mele and approved by Officer J. Giugno, both of the Waltham Police Department.

Sullivan concludes, "The Police did not investigate my complaint against the FBI, instead they assisted the FBI by writing a false police report inferring I had mental health issues." Id. ¶ 2. He claims that Officers Hart, Mele and Giulgno, the defendants in this action, violated his rights under 42 U.S.C. §§ 1981, 1983, and 1986, as well as his Eighth Amendment right to be free from cruel and unusual punishment.

With the complaint, Sullivan filed an emergency motion, D. 3, in which he asks that the Court issue a subpoena as to Officer Hart, who, according to the plaintiff, will testify under oath that the FBI forced her to falsify the report she wrote about Sullivan. In a second emergency motion, D. 6, Sullivan asks that, in light of a head injury he suffered, the Court appoint counsel for him. He also reiterates his belief that Officer Hart will testify that the FBI forced her to write a false report. Sullivan also filed a motion for leave to proceed *in forma pauperis*.

## II. Discussion

### A. Motion for Leave to Proceed *in Forma Pauperis*

Upon review of Sullivan's motion for leave to proceed *in forma pauperis*, the Court concludes that he has adequately demonstrated his inability to pay the $400 filing fee.

Accordingly, the motion will be GRANTED.

B.     Screening of the Complaint

Because Sullivan is proceeding *in forma pauperis*, the complaint is subject to screening under 28 U.S.C. § 1915(e)(2). This statute authorizes federal courts to dismiss actions in which a plaintiff seeks to proceed without prepayment of fees if the action is malicious, frivolous, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2). In conducting this review, the Court liberally construes the plaintiff's complaint because he is proceeding *pro se*. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972).

Here, Sullivan has failed to state a claim upon which relief may be granted. There is no statutory, common law, or constitutional right to the investigation of another. See Mitchell v. McNeil, 487 F.3d 374, 378 (6th Cir. 2007); cf. Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973) ("[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another"). Moreover, the mere existence of an allegedly false police report does not deprive a person of a constitutional right, and the possibility that the police report might be used to institutionalize Sullivan is too speculative to raise concerns of a constitutional dimension. See Landrigan v. City of Warwick, 628 F.2d 736, 744-45 (1st Cir. 1980).

Where a plaintiff, even a *pro se* plaintiff, has failed to state a claim and it appearls futile to amend as to such claim, then a dismissal *sua sponte* is appropriate. Gonzalez-Gonzalez v. United States, 257 F.3d 31, 36-37 (1st Cir. 2001). Accordingly, the Court will dismiss this action without prejudice.

    C.      Emergency Motions

In light of the dismissal of this action, the emergency motions, D. 3, 6, shall be denied as moot.

## III.    Conclusion

For the foregoing reasons, the Court rules as follows:

    A.      The motion for leave to proceed *in forma pauperis*, D. 2, is GRANTED;

    B.      Pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), this action is DISMISSED WITHOUT PREJUDICE for failure to state a claim upon which relief may be granted; and

    C.      The emergency motions, D. 3, 6, are DENIED AS MOOT.

**SO ORDERED.**

     /s/ Denise J. Casper
     United States District Judge